IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLE GROVE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ORGANON USA, INC.; ORGANON PHARMACEUTICAL USA, INC.; ORGANON INTERNATIONAL, INC.; ORGANON BIOSCIENCES NV; AKZO NOBEL NV; SCHERING-PLOUGH CORPORATION; MERCK & COMPANY, INC.; MCKESSON CORPORATION; and DOES 1-100, <br><br> Defendants. | Case No. 13-2138 SC <br><br> ORDER GRANTING MOTION TO STAY |

Now before the Court is the above-captioned Defendants' motion to stay this case pending the Judicial Panel on Multidistrict Litigation's ("JPML") determination regarding the transfer of this case to MDL No. 1964 in the Eastern District of Missouri (the "NuvaRing MDL"). ECF No. 13 ("Mot. to Stay"). The motion is fully briefed,[1] as is Plaintiffs' motion to remand,[2] which is now

---

[1] ECF Nos. 17 ("Opp'n to Mot. to Stay"), 18 ("Reply ISO Mot. to Stay").
[2] ECF Nos. 16 ("Mot. to Remand"), 20 ("Opp'n to Mot. to Remand"), 22 ("Reply ISO Mot. to Remand").

scheduled for a hearing on July 19, 2013. The Court finds Defendants' motion to stay appropriate for decision without oral argument per Civil Local Rule 7-1(b). As explained below, the Court GRANTS Defendants' motion and STAYS this case, including its consideration of Plaintiffs' motion to remand, pending the JPML's determination of whether this case should be transferred to the NuvaRing MDL.

In determining whether a stay is appropriate, the Court must consider the particular circumstances and competing interests involved, and should consider:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995). It is within the Court's discretion to grant or deny a stay after weighing these factors. Id.

The Court finds that all of these factors favor staying this case. First, a stay will not prejudice Plaintiffs, since it will probably be short: the JPML is already considering whether to transfer the case. Further, the benefits of having a single judge (Judge Sippel, who oversees the NuvaRing MDL) hear the motion to remand alongside all others like it will outweigh any delays. Second, the stay will impose no burden on Defendants, since they requested it. Third, staying the case promotes judicial economy

2

and uniform decision-making, because the motion to remand in this case raises issues identical to those raised in the numerous other cases against Defendants in this district. Moreover, several other cases involving the same causes of action and jurisdictional questions have already been stayed in this Court and elsewhere. Having a single judge oversee all of these cases encourages efficiency and uniform decision-making. Finally, staying the case is not inconsistent with or burdensome for the interests of non-parties or the general public.

This reasoning is consistent with recent decisions by Judges Hamilton and Armstrong to stay cases pending transfers to the NuvaRing MDL. See Tucker v. Organon, No. 13-cv-0728 SBA; Burton v. Organon, No. 13-cv-01535 PJH; Gonzales v. Organon, No. 12-cv-6161 PJH. Judge Wilken stayed a similar case without issuing an order. See Wilson v. Organon, 13-cv-0705 CW. The District Courts in Central District of California have stayed eight similar actions. See Reply ISO Mot. to Stay at 1 n.1 (citing the Central District's orders).

Plaintiffs urge the Court to rule on their motion to remand before considering the motion to stay. See Opp'n to Mot. to Stay at 2 (citing Meyers v. Bayer A.G., 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)). The Court declines to do so. It is obvious to the Court that it can consider a motion to stay before a motion to remand, and that the benefits of having so many almost-identical motions to remand decided by a single judge (if the cases are transferred) far outweigh risking an array of conflicting opinions. This Court's recent decisions support this conclusion. None of Plaintiffs' arguments otherwise are compelling: the Court will not

apply other courts' law on this matter, nor will the Court find that Plaintiffs have shown any past or future prejudice resulting from waiting a little longer for their motion's disposition. (It is, after all, not set for a hearing until late July, the same time the JPML will consider Plaintiffs' objection to its conditional transfer order.)

Accordingly, this case and the Court's determination of Plaintiffs' motion to remand are STAYED pending the JPML's decision on transferring the case.

IT IS SO ORDERED.

Dated: June 27, 2013

UNITED STATES DISTRICT JUDGE